UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HILL-ROM SERVICES, INC., et al. | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-1034-WTL-TAB |
| | ) | |
| ELECTROMED, INC. | ) | |
|     Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

### **ORDER**

The parties negotiated and agreed to all the provisions of a protective order except one—whether Plaintiffs' in-house counsel and staff should be permitted to access "Attorneys Eyes Only Information." [Docket No. 60 at 1; Docket No. 63 at 1.] Defendant Electromed, Inc. moved for entry of a protective order denying access to Plaintiffs' in-house counsel and staff; Plaintiffs requested that the Court enter a protective order permitting access. [Docket No. 63.]

The individuals at issue are two attorneys—William A. Morrison (Vice President and Senior Intellectual Property Counsel) and Lea Ann King (Staff Litigation Counsel)—and their paralegal and administrative assistant. Defendants believe that giving these individuals access to "Attorneys Eyes Only Information" presents an "untenable risk":

> The documents and records Plaintiffs have sought in discovery include the most sensitive business records of Electromed. They include its branding and business strategies, and its design and research and development documents. The in-house counsel proposed by Plaintiffs to receive these documents are, by Plaintiffs' own concession, the same in-house lawyers who are responsible for managing Plaintiffs' Intellectual Property portfolio and IP strategy, including the prosecution of any new trademarks or patents. Providing Electromed's Attorneys Eyes Only documents to these individuals would provide them with a road map to attack Electromed and Electromed's intellectual property strategy.

[Docket No. 61 at 4.] Plaintiffs respond that this case does not involve claims concerning technology plans, developments, or patent prosecution, and allowing access to the four individuals would not increase the risk of inadvertent disclosure of Defendant's documents because none of the four are general counsel, directors, or corporate representatives responsible for business strategy. Plaintiffs also point out that the four are located in Batesville, Indiana, but the business decisions are made at the Minnesota headquarters. [Docket No. 63 at 4.]

Whether to allow in-house counsel access to "Attorneys Eyes Only" material is a case-by-case analysis. *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 237 F.R.D. 405, 407 (N.D. Ill. 2006). The issue is not necessarily one of the trustworthiness of in-house counsel, who are bound by the same rules of professional conduct as outside counsel. Instead, the issue is whether access would create an unacceptable risk of inadvertent disclosure of confidential information. The risk of inadvertent disclosure increases when in-house counsel are involved in competitive decision making because of the difficulty of compartmentalizing any previously received confidential information. *Id.* at 408.

*Autotech* is helpful because it centered on whether plaintiff's in-house counsel could have access to confidential customer information and communications. *Id.* at 406. Plaintiff's in-house counsel were not involved in competitive decision making but reported directly to the plaintiff's CEO, who was intimately involved in the litigation and was described by the court as plaintiff's "heart and soul." *Id.* at 409–10. The court accepted that in-house counsel intended to abide by the protective order in good faith but denied them access to certain documents because:

> In light of [the CEO's] pervasive participation in the case, it cannot be doubted that there will be discussions about the redacted documents. But [in-house counsel] will have in mind—if they are allowed access to the unredacted versions—those portions that have been redacted as well as those that have not. Compartmentalization would be exceedingly difficult, if not impossible, and thus the risk of inadvertent disclosure would be heighted to an unacceptable degree.

2

*Id.* at 408, 410, 414.

This case differs from *Autotech*. The in-house attorneys for whom Hill-Rom seeks access are not responsible for business strategy, are not general counsel or directors, and are located several states away from the "primary locus of operation for Hill-Rom's HFCWO products." [Docket No. 63.] Because Hill-Rom's in-house attorneys are separated—both geographically and in the chain of command—from Hill-Rom's business decision making, providing them with access to the "Attorneys Eyes Only" documents does not pose the same risk as it did in *Autotech*.

For these reasons, the Court approves the protective order submitted by Plaintiffs at Docket No. 63, Ex. 1 and denies Defendant's motion for entry of protective order [Docket No. 60]. The protective order shall be deemed filed as of the date of this order.

Dated:  04/12/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

James Dimos
FROST BROWN TODD LLC
jdimos@fbtlaw.com

Karen Kreider Gaunt
WOOD, HERRON & EVANS, LLP
kgaunt@whepatent.com

Kristin L.C. Haugen
BRIGGS & MORGAN, P.A.
khaugen@briggs.com

John B. Lunseth II
BRIGGS & MORGAN P.A.
jlunseth@briggs.com

John R. Maley
BARNES & THORNBURG
jmaley@btlaw.com

Carrie A. Shufflebarger
GREENEBAUM DOLL & MCDONALD PLLC
Carrie.Shufflebarger@ThompsonHine.com